# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

PENNIE L. KEYES-ZACHARY,

                Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                Defendant.

Case No. 13-CV-638-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Pennie L. Keyes-Zachary, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's July 13, 2010, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John W. Belcher was held May 30, 2012. By decision dated October 17, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 31, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 48 years old on the alleged date of onset of disability and 51 on the date of the ALJ's denial decision. She has a 10th grade education and formerly worked as a pillow stuffer. She claims to have been unable to work since June 4, 2009 as a result of hearing loss, pain and loss of function from scoliosis with degenerative disc disease, asthma, depression, and affective disorders.

## **The ALJ's Decision**

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light work with some additional postural limitations and she must work in an air-conditioned environment, must avoid concentrated fumes, odors, dusts, toxins, gases, and poor ventilation. She must avoid all hazardous or fast machinery and unprotected heights. She should avoid loud background noises, but should not require binaural hearing. She can do simple and some complex tasks with 3 to 5 steps in a habituated work setting and object oriented. She can have superficial contact with co-workers and supervisors, but no direct public contact. [R. 19].

The ALJ determined that Plaintiff is able to perform her past relevant work as a pillow stuffer. In addition, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts the ALJ erroneously determined her knee impairment is not medically determinable and therefore the decision is not supported by substantial evidence; the ALJ's credibility determination is not supported by substantial evidence; the RFC findings are not supported by substantial evidence; the findings at step four are flawed; and the ALJ erred in relying on the testimony of a vocational expert whose testimony conflicts with the Dictionary of Occupational Titles (DOT).

### **Analysis**

#### Alleged Knee Impairment

The ALJ discussed the existence of x-rays taken of Plaintiff's knees in February 2005 and noted that the radiology report stated the x-rays were negative, except for a questionable suprapatellar joint effusion. [R. 17. 398]. The ALJ also referred to a 2006 x-ray and noted the existence of a small superior patellar osteophyte in the left knee. [R. 17, 399]. The ALJ concluded that major dysfunction of joints in the knees had not been medically determined. [R. 17]. Accordingly, knee dysfunction was not included as a severe

3

impairment at step two of the five-step sequential evaluation. However, the RFC included the knee-related limitations of only occasionally climbing stairs, kneeling, and crawling. [R. 19].

Plaintiff argues that the ALJ's statement about Plaintiff's knees is misleading. She states that a 2006 x-ray showed findings in both knees while the ALJ noted only that the left knee was affected. According to Plaintiff, in light of the x-ray findings, the RFC is not supported by substantial evidence. She asserts that knee impairments would have further limited Plaintiff's ability to walk, stand, perform postural maneuvers, and use her feet and legs for operating foot controls. [Dkt. 16, pp. 4-5].

The undersigned finds that the decision reflects that the ALJ considered both the 2005 and the 2006 x-ray. The ALJ did not quote the x-ray reports *verbatim*, however the ALJ's language tracks the information in the reports and the ALJ cited to exhibit B 15F, which is the 2006 report. [Dkt. 17, 399]. The decision thus demonstrates that the ALJ considered the x-ray reports.

The Commissioner points out that, based on language contained in a Tenth Circuit decision addressing Plaintiff's earlier application for benefits, *Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012),[2] the x-ray was apparently taken in conjunction with a consultative examination.[3] In that case the Tenth Circuit discussed these same x-rays and the accompanying consultative examination in affirming the ALJ's finding in that case that there was no significant pathology revealed in either knee. The Tenth Circuit noted that the

---

[2] *Keyes-Zachary v. Astrue*, 10-CV-529-TLW (N.D. Okla.).

[3] The undersigned notes that on the 2006 x-ray report, the referring physician was listed as "Disability" and the reason for exam was listed as disability. [R. 399].

4

consultative examiner reported that while Ms. Keyes-Zachary had tenderness over her patella, she demonstrated normal walking and was capable of sitting, standing, and walking. In light of the consultative examiner's opinion, the Court found that the ALJ's conclusion of no significant pathology was supported by substantial evidence. *Id.* at 1172.

In the present case, the consultative examiner likewise noted Plaintiff had full range of motion in her lower extremities, she had strength graded 5/5 in all extremities, and was observed to ambulate without difficulty in September 2010. [R. 21, 276-277]. The undersigned finds Plaintiff has not demonstrated error in the ALJ's failure to include additional limitations in the RFC due to knee dysfunction.

## Credibility

There is no merit to Plaintiff's argument that the ALJ erroneously relied on inconsistencies between Plaintiff's testimony and the medical evidence in making the credibility determination.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The ALJ cited numerous grounds tied to the evidence for the credibility finding.

Throughout the decision the ALJ indicated where the medical record failed to support Plaintiff's allegations and inconsistencies between her reports to medical personnel and her allegations. The ALJ noted: Plaintiff's report to the consultative examiner that she needs no assistance in activities of daily living; that on consultative examination Plaintiff

had full range of motion and other normal findings, [R. 21]; Plaintiff's reports that her medication regimen was working; and mild degenerative findings on x-ray reports, [R. 22]. The ALJ also noted that Plaitniff's treatment is not consistent with her allegations, she missed appointments, and was not compliant with her medications. [R. 23, 24]. All of these factors entered into the ALJ's credibility evaluation, which the undersigned finds is supported by substantial evidence.

## RFC Finding

There is no merit to Plaintiff's contention that the mental limitations found by psychological consultative examiner, Brian R. Snider, Ph.D., were not included in the RFC. Dr. Snider noted that Plaintiff had little difficulty with memory and concentration. [R. 295]. He also stated:

> Ms. Zachary would probably have little difficulty understanding and carrying out simple instructions and would likely have mild difficulty with complex and detailed instructions. she is likely to have mild to moderate difficulty concentrating and persisting through a normal work day due to psychiatric symptoms. her ability to maintain a normal workday and work week is likely mildly to moderately impaired. In all likelihood she would have mild difficulty responding appropriately to coworkers and supervisors.

[R. 295].

The ALJ accounted for the limitations suggested by Dr. Snider by limiting Plaintiff to performance of: "simple and some complex tasks with 3 to 5 steps, it must be a habituated work setting and object oriented. She can have superficial contact with co-workers and supervisors, and cannot have direct contact with the public." [R. 19]. At the hearing, in examining the vocational expert the ALJ more fully explained what he meant by these limitations:

6

> It should be in a relatively or a habituated work atmosphere that is an atmosphere or work setting where she's not going from one position to another where they may all be simple but she'd have to remember ten different positions. I don't want her to do that. Basically want her doing the same things, no more than a couple changes, two or three changes within a workday in those three to five steps that she can complete. she should have only superficial contact with co-workers and supervisors, so I don't want her having jobs where she has to have direct contact, no direct contact with the public, although she could possibly be around them, such as a janitor might be around the public but not really have to interact with them much, unless it was maybe to tell them where the bathrooms were or an office or something. By superficial for co-workers and supervisors, I mean that type of contact that a grocery clerk might have with supervisors or contacts.

[R. 70]. The undersigned finds that the ALJ accounted for Dr. Snider's limitations in the RFC.

To support her argument that the RFC is not supported by substantial evidence, Plaintiff points to findings she claims are contrary to the RFC finding. However, the existence of some evidence that may support a contrary RFC finding does not deprive the ALJ's decision of support by substantial evidence. It is the ALJ's role to chose between conflicting views of the evidence. The court reviews only the sufficiency of the evidence, not its weight. *See Oldham v. Astrue,* 509 F.3d 1254, 1257 -1258 (10th Cir. 2007) ("[w]e may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)((internal quotation marks and brackets omitted)).

The ALJ accurately summarized the evidence and discussed his conclusions. The undersigned finds that the ALJ's RFC decision is supported by substantial evidence, which

is defined as more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

## Step 4 Analysis

Plaintiff argues that at step four of the evaluative sequence, the ALJ committed error in concluding that she had the ability to return to her past relevant work. However, the ALJ made alternative step five findings that there are other jobs in the economy that Plaintiff could perform with her limitations. If the step five analysis was performed in accordance with applicable legal standards and is supported by substantial evidence, any step four error cannot, by itself, constitute the basis for a remand. In any event, the undersigned finds no error in the ALJ's step 4 findings.

In making a step 4 finding, the ALJ is required to make 3 subsidiary findings: Plaintiff's RFC; the requirements of Plaintiff's past relevant work; and comparing the RFC to the requirements of the past relevant work, and whether Plaintiff can return to that work. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).

There is no merit to Plaintiff's assertion that the work as a pillow stuffer does not qualify as past relevant work. The forms completed by Plaintiff and submitted in support of her application for benefits demonstrate that she performed the work long enough to learn the job. The hearing transcript reflects that the vocational expert agreed with the ALJ as to the "specific vocational preparation" (SVP) for the job of pillow stuffer. [R. 71]. The SVP is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a

specific job-worker situation." *Dictionary of Occupational Titles*, (DOT), Appendix C, Components of the Definition Trailer, 1991 WL 688702. The hearing transcript reflects the ALJ's understanding of an SVP of 2 for the pillow stuffer job, [R. 71], which is "anything beyond short demonstration up to and including one month." 1991 WL 688702. In fact, the DOT lists the SVP for the pillow stuffer job as level 1, which is "short demonstration only." DOT# 780.687-046 (stuffer), 1991 WL 680820.

There is no merit to Plaintiff's assertion that error occurred because the vocational expert did not identify a DOT code for the pillow stuffer job. There is no requirement that the DOT code be identified. However, the vocational expert testified that her testimony was in conformity with the DOT. [R. 69].

Plaintiff argues that the vocational expert did not provide sufficient testimony about her past work as a pillow stuffer and the ALJ did not make sufficient findings as to whether Plaintiff can perform that job. The undersigned finds that the vocational expert's testimony and the ALJ's findings were sufficient. In *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003), the Court affirmed step 4 findings where, as here, the ALJ quoted the vocational expert's testimony approvingly in support of his findings as to the requirements of past relevant work and in finding that the claimant could perform past relevant work. In the present case in concluding that Plaintiff could perform the work as a pillow stuffer, the ALJ noted it was an unskilled job and listed at the light exertional level, with an SVP of 2. [R. 24]. The ALJ also cited the vocational expert's testimony that the job, as generally performed, was within the RFC for Plaintiff. *Id*.

Plaintiff's argument that she cannot perform the job because the ALJ did not inquire as to the amount of contact required with co-workers, supervisors, and the general public,

whether there was air conditioning, and if there was loud background noise is rejected as a basis for remand. After hearing the ALJ's hypothetical question which outlined Plaintiff's RFC, the vocational expert, testifying in conformity with the DOT, identified pillow stuffer as generally performed as a job Plaintiff could perform. [R. 70]. There is nothing improper about this, the ALJ may rely on information supplied by the vocational expert. *Doyal*, 331 F.3d at 761 (quoting *Winfrey v. Chater,* 92 F.3d 1017, 1025 (10th Cir. 1996). In addition, the DOT definition for the stuffer job confirms the vocational expert's testimony that the job does not contain any requirements excluded by the RFC. The job has a reasoning level 1, which is the lowest level and involves applying commonsense understanding to carrying out simple one or two step instructions. It has a math and language level 1, again the lowest level. DOT# 780.687-046 (stuffer), 1991 WL 680820; DOT, Appendix C, 1991 WL 688702. The "people" aspect of the job is rated 8, the lowest level, which involves attending to the work assignment instructions or orders of supervisor. The DOT rates the "people" component as "not significant." DOT # 780.687-046 (stuffer),1991 WL 680820; DOT, Appendix B, Explanation of Data, People, and Things, 1991 WL 688701. Further, the job has no exposure to weather, extreme cold, extreme heat, or wet or humid conditions. DOT# 780.687-046 (stuffer), 1991 WL 680820. The noise level is moderate. *Id.*

Reliance on Vocational Expert Testimony

The RFC included the limitation of avoiding loud background noises. [R. 19]. Plaintiff argues that the ALJ erred in relying on the vocational expert's testimony to establish that work exists in the economy that can be performed with Plaintiff's limitations

because the Dictionary of Occupational Titles (DOT) reflects that two of the jobs identified by the vocational expert[4] subject the worker to a loud noise level.

The undersigned finds that remand is not required because the vocational expert identified three representative occupations and Plaintiff's objection about the noise level applies to only two of the three occupations. One occupation with an adequate number of jobs is sufficient to satisfy the Commissioner's burden to establish that work exists which Plaintiff can perform. *See Evans v. Chater*, 55 F.3d 530, 532 (10th Cir 1995) (citing 20 C.F.R. § 404.1566(b))("Work exists in the national economy [for step-five purposes] when there is a significant number of jobs (in one or more occupations ) having requirements which [the claimant is] able to meet....").

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before December 1, 2014.

---

[4] Assembler, DOT code # 706.684.022, and Marker, DOT code # 920.687.126.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 13th day of November, 2014.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE