# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PENNIE L. KEYES-ZACHARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-0638-CVE-FHM |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is defendant's motion to alter or amend judgment (Dkt. # 25). Pursuant to Federal Rule of Civil Procedure 59(e), defendant asks this Court to amend its previous judgment (Dkt. # 24), which rejected the magistrate judge's report and recommendation and remanded this case to the Administrative Law Judge (ALJ). Plaintiff has not filed a response, but the Court is entering this opinion and order prior to the expiration of plaintiff's time to file.

## I.

Plaintiff applied for benefits on July 15, 2010, stating that she was disabled and unable to work. Dkt. # 13-5, at 2.[1] Plaintiff's claim was denied, and she sought review by an ALJ. Dkt. # 13-2, at 32. The ALJ held a hearing in which he asked a vocational expert (VE) to testify about plaintiff's ability to work. Id. at 68. The ALJ posed a hypothetical question to the VE, including in the question a limitation that the hypothetical person "avoid loud background noises." Id. at 70. The VE identified three jobs available in significant numbers in the national economy that the hypothetical

---

[1] As the facts of plaintiff's case are discussed in detail in the Court's previous opinion and order, see Dkt. # 23, at 1-4, the Court will discuss only what is relevant to defendant's motion.

person could perform: assembler, sorter, and marker. Id. The VE discussed the number of available jobs in the economy for each of these positions. Dkt. # 13-2, at 72. However, the assembler and marker positions had an associated noise level of "Level 4 - Loud," DICTIONARY OF OCCUPATIONAL TITLES §§ 706.684-022, 920.687-126 [hereinafter DOT], and the VE did not discuss this conflict. The ALJ found plaintiff not disabled at step four of the analysis, but he then made an alternate determination at step five that plaintiff was not disabled because she could perform other occupations existing in significant numbers in the economy.[2] Id. at 25-26. The ALJ specifically cited the assembler, sorter, and marker positions identified by the VE in his step five determination. Id. at 26-27. However, the ALJ did not make findings that each individual occupation existed in significant numbers, only that all three positions together existed in significant numbers. Id. at 27.

Plaintiff filed this lawsuit, see Dkt. # 2, which was referred to the magistrate judge. Plaintiff's opening brief to the magistrate judge asserted, inter alia, that the ALJ erred at step five because the ALJ relied on the VE's testimony, which was in conflict with the DOT. Dkt. # 16, at 9. The magistrate judge entered a report and recommendation, which recommended that the Court affirm the ALJ's finding of no disability. Dkt. # 21, at 11. Plaintiff thereafter filed an objection to the report and recommendation, arguing that the ALJ's decision at step five "is unsupported by the fact [that] the VE's testimony is unreliable and inconsistent with the DOT. Significantly, the ALJ did not find [that] each of the three jobs individually existed in substantial numbers as required."

---

[2]  At step five, the ALJ must consider a claimant's residual functional capacity, age, education, and work experience to determine if other work exists in the economy that a claimant is able to perform. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). The ALJ must find not only that the claimant can perform other occupations but also that there are a "significant number" of available positions in the economy for those occupations. Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995) (citing 20 C.F.R. § 404.1566(b)).

2

Dkt. # 22, at 1. Defendant did not file a response to plaintiff's objection, despite being given time to do so. Dkt. # 23, at 1.

This Court entered an opinion and order rejecting the magistrate judge's report and recommendation and remanding the case to the ALJ for further determination. Id. at 15. As to the step five analysis,[3] the Court found that, based on the noise restriction in the hypothetical question, there was a conflict between the DOT and the VE's testimony regarding the hypothetical person's ability to perform as an assembler or marker. Id. at 9. Because the ALJ did not attempt to resolve this conflict, the ALJ could not rely on those positions to show that other work existed in significant numbers. Id. at 9-10. There was no conflict as to the sorter position, but the ALJ did not make an independent finding that the sorter position existed in significant numbers to find plaintiff not disabled at step five. Id. at 10. The Court surveyed prior Tenth Circuit decisions for guidance as to whether the Court, on its own, could determine if the number of available sorter positions met the step five requirement for a significant number of jobs available in the economy. Id. at 10-14. The Court found that it could make that determination in "the right exceptional circumstance," id. at 13 (quoting Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004), but concluded that, for this case, it would be better to remand the case to the ALJ for a proper determination. Id. at 14. Defendant now argues that the Court should amend its judgment as to the ALJ's alternate findings at step five.

**II.**

There are three possible grounds for granting a motion to amend under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need

---

[3] The Court's opinion and order also concluded that the ALJ's finding of no disability at step four was not supported by evidence. Dkt. # 23, at 8. Defendant does not take issue with this part of the Court's analysis.

to correct clear error or prevent manifest injustice." Monge v. RG Petro-Mach. (Grp.) Co., 701 F.3d 598, 611 (10th Cir. 2012) (quoting Somerlott v. Cherokee Nation Distrib., Inc., 585 F.3d 1144, 1153 (10th Cir. 2012)). Defendant advances two arguments in favor of amendment. First, defendant contends that plaintiff waived the argument that the ALJ did not identify a significant number of sorter positions by failing to raise it in the original brief to the magistrate judge. Dkt. # 25, at 2. Second, defendant argues that case law in the Tenth Circuit establishes that the number of sorter positions available in the economy is a "significant number" for purposes of the step five analysis. Id. at 3. Although defendant did not address the requirements of a Rule 59(e) motion, the Court will assume that each of defendant's arguments is an attempt to "correct clear error or prevent manifest injustice." Monge, 701 F.3d at 611.

### A. Waiver

Defendant's first argument is that plaintiff waived her argument about the number of available sorter positions by failing to make that argument in her opening brief to the magistrate judge. Dkt. # 25, at 2. In the Tenth Circuit, "theories raised for the first time in objections to the magistrate judge's report are deemed waived." United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001); see also Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised

for the first time in objections to the magistrate judge's recommendation are deemed waived.").[4]
This is often referred to as the firm waiver rule. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996). There are three exceptions to the firm waiver rule: "(1) when a pro se litigant was not notified of the time period for filing an objection and the consequences of failing to object; (2) when the interests of justice warrant; or (3) when the party that failed to object makes a showing of plain error." Derringer v. Chapel, 279 F. App'x 641, 644 (10th Cir. 2008)[5] (citing Wardell v. Duncan, 470 F.3d 954, 958 (10th Cir. 2006)).[6]

The firm waiver rule does not apply here, as plaintiff raised the relevant legal theory--that the ALJ's determination at step five was flawed because it relied on VE testimony in conflict with the DOT--in her initial brief to the magistrate judge. In that brief, plaintiff pointed out the discrepancy in noise level between the VE's testimony and the DOT as to the assembler and marker positions. Dkt. # 16, at 9. Plaintiff went on to discuss the relevant standards by which an ALJ should resolve a conflict, and she concluded by arguing that the ALJ's finding was "unsupported by the

---

[4] The Court notes that defendant appears to have waived its waiver argument. A Rule 59(e) motion "is not . . . an opportunity for the losing party to raise new arguments that could have been presented originally." Matosantos Comm. Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001). The issue of waiver, as defendant frames it, would have been apparent when plaintiff filed her objection to the magistrate judge's report and recommendation. Defendant chose not to respond to plaintiff's objection, despite being given ample time to do so. See Dkt. # 23, at 1. However, in an unpublished case the Sixth Circuit granted a Rule 59(e) motion under similar circumstances, see Doran v. Comm'r of Soc. Sec., 467 F. App'x 446, 448-49 (6th Cir. 2012) (unpublished), and the Tenth Circuit has not yet addressed whether waiver would apply to a situation like the present. Thus, the Court will proceed to the merits of defendant's argument.

[5] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

[6] As the Court concludes that the firm waiver rule does not apply, the Court does not address the applicability of the exceptions to the rule.

5

VE's testimony and the substantial evidence of the record as a whole." Id. The magistrate judge certainly found that plaintiff raised the issue; the magistrate judge recommended affirming the ALJ's decision at step five because a "significant number" of such positions did exist. Dkt. # 21, at 10-11. That analysis would have been wholly unnecessary if plaintiff had not presented the issue.

Plaintiff's objection to the magistrate judge's report and recommendation specifically objected to the magistrate judge's recommendation about the number of sorter positions. Dkt. # 22, at 1 ("[T]he ALJ did not find each of the three jobs individually existed in substantial numbers as required."). Her objection was both timely and specific, enabling review by the district court. FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." (emphasis added)); see also One Parcel, 73 F.3d at 1060. Although plaintiff may not have raised in her initial brief the particular point on which she was eventually successful, she did raise the relevant legal theory, and Tenth Circuit precedent does not require more. See Garfinkle, 261 F.3d at 1031.

B. "Significant Number" Analysis

Defendant's second argument is that prior decisions by the Tenth Circuit, as well as by district courts within the circuit, show that the number of available sorter positions meets the step five requirement for a "significant number" of available jobs in the national economy. Dkt. # 25, at 3. The VE testified that there were 7,000 sorter positions available in the regional economy and 80,000 positions available nationally.[7] Dkt. # 13-2, at 72. To show that there are a "significant number" of sorter positions, defendant cites a number of cases, including: Trimiar v. Sullivan, 966

---

7      The Tenth Circuit has stated that the relevant number is the number of jobs available in the national, not regional, economy. Raymond v. Astrue, 621 F.3d 1269. 1274 (10th Cir. 2009).

F.2d 1326 (10th Cir. 1992) (650 to 900 available jobs); Botello v. Astrue, 376 F. App'x 847 (10th Cir. Apr. 26, 2010) (67,250 available jobs); Posey v. Chater, 67 F.3d 312, 1995 WL 564590 (10th Cir. 1995) (unpublished) (57,000 available jobs); Fields v. Chater, 66 F.3d 338, 1995 WL 544172 (10th Cir. 1994) (84,000 available jobs); and Johnson v. Colvin, No. CIV-13-726-W, 2014 WL 4215557 (W.D. Okla. Aug. 25, 2014) (69,700 available jobs). Defendant argues that, based on these cases, the existence of 80,000 sorter positions available in the national economy satisfies the "significant number" requirement of the step five analysis.

However, defendant misunderstands the context of the cited cases as compared to this case. In Trimiar, which defendant discusses in detail, the Tenth Circuit stated that it "has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number' and rejects the opportunity to do so here." Trimiar, 966 F.2d at 1330. The court limited its consideration to whether the ALJ properly evaluated the factors necessary to determine if a particular number of available positions was "significant." Id. at 1330-31. The Tenth Circuit concluded by stating that it "need not strain at numbers in reaching our conclusion that the ALJ's decision is founded on substantial evidence on the record." Id. at 1332 (emphasis added). The other cited cases are similar, with all of the courts finding that the ALJ had properly considered the relevant factors in determining that a "significant number" of jobs existed in the national economy. See Botello, 376 F. App'x at 851; Posey, 1995 WL 564590, at *1; Fields, 1995 WL 544172, at *2; Johnson, 2014 WL 4215557, at *3. In each of these cases, the deciding court needed to determine whether the ALJ's finding that a particular number of jobs satisfied the step five analysis was supported by a proper consideration of the facts.

7

By contrast, to reach the conclusion defendant seeks, the Court would have had to find, on its own and without the benefit of the ALJ's consideration of the facts, that a "significant number" of available sorter positions existed. This is not a case like those defendant cited, where the courts needed only to review the ALJs' findings. Cases of this type are relatively rare, and the results at the Tenth Circuit are conflicting. See Dkt. # 23, at 13-4. In two unpublished cases, the Tenth Circuit found 11,000 and 152,000 available positions in the national economy were a "significant number" of available jobs. See Rogers v. Astrue, 312 F. App'x 138, 141-42 (10th Cir. 2009); Stokes v. Astrue, 274 F. App'x 675, 684 (10th Cir. 2008). In another unpublished case, however, the Tenth Circuit declined to make the required finding even though 200,000 jobs were available in the national economy. See Norris v. Barnhart, 197 F. App'x 771, 777 (10th Cir. 2006). "The Tenth Circuit has emphasized that 'the issue of numerical significance entails many fact-specific considerations requiring individualized evaluation' and, as such, 'the evaluation should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation.'" Dkt. # 23, at 13 (quoting Allen v. Barnhart, 357 F.3d 1140, 1144 (10th Cir. 2004)). In light of the previous inconsistent decisions and the Tenth Circuit's stated preference to allow the ALJ to make the determination, the Court again declines to find that the 80,000 sorter positions available in the national economy are a "significant number" of jobs.

**IT IS THEREFORE ORDERED** that defendant's motion to alter or amend judgment (Dkt. # 25) is hereby **denied**.

**DATED** this 26th day of January, 2015.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE